FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 05, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KELSEY SCHIER, administrator of the Estate of Guenter Werner Schier,<br><br>    Plaintiff,<br><br>    v.<br><br>MATTHEW J. ANDERTON, in his official and private capacities; TRACY LARSEN, in her individual capacity; and DEPUTY SMITH, Supervisor, Deputy U.S. Marshal, Yakima Sub-Office, in his individual capacity,<br><br>    Defendants. | No. 1:25-CV-03070-SAB<br><br>**ORDER DISMISSING COMPLAINT** |

Before the Court are Plaintiff's Motion for Emergency Temporary Restraining Order, Motion for Interim Relief and related Motion to Expedite, ECF No. 3; and Motion to Obtain Electronic Case Filing Authorization, ECF No. 4. Plaintiff is *pro se*. The motions were considered without oral argument.

Having considered the motions, Complaint, record, and caselaw, the Court dismisses the Complaint pursuant to 28 U.S.C. § 1334(c)(1) and for failure to state a claim upon which relief can be granted.

//

**ORDER DISMISSING COMPLAINT ~ 1**

## I. BACKGROUND

Plaintiff filed his Complaint in the U.S. District Court for the Eastern District of Washington on May 20, 2025. He is the administrator of the Estate of Guenter Werner Schier and, formerly, the property located at 800 Koinonia Lane in Cle Elum, Washington, "the Property." Plaintiff filed claims for Violation of Due Process under the Fifth Amendment; Unlawful Seizure of Property Without Jurisdiction; Conspiracy to Commit Constitutional Violations; Civil Rights Violations under 42 U.S.C. §§ 1983 and 1985(3); and Declaratory Judgment under 28 U.S.C. §§ 2201–2202.

On February 18, 2025, in a related matter, *Schier v. Anderton*, No. 1:25-CV-03012-SAB (E.D. Wash. Feb. 18, 2025), this Court denied Plaintiff a preliminary injunction challenging whether a Chapter 7 bankruptcy petition he filed in the U.S. Bankruptcy Court for the Eastern District of Washington was void due to procedural defects. The matter involved the same property in Cle Elum, Washington. The Court denied Plaintiff's motion for reconsideration on February 19, 2025, and the United States Supreme Court denied Plaintiff's motion for an emergency stay on March 13, 2025.

In the underlying Bankruptcy Court matter, Plaintiff filed his bankruptcy case on June 24, 2024. The Bankruptcy Court issued an order of discharge for the debts on September 18, 2024. On December 17, 2024, the Bankruptcy Court issued an order granting the turnover of the Property to the bankruptcy trustee, Defendant Mr. Anderton. Plaintiff had until December 27, 2024, to surrender and deliver possession of the Property. Plaintiff appealed the decision to the Bankruptcy Appellate Panel on December 18, 2024, which is still open.

On December 19, 2024, Plaintiff issued a Notice of Default and Rescission in Bankruptcy Court, asserting the petition was void due to mutual mistake and procedural irregularities, including an incorrect social security number used to identify him. The Bankruptcy Court denied this action on January 15, 2025.

**ORDER DISMISSING COMPLAINT ~ 2**

Plaintiff also claims Defendant Anderton unlawfully pursued the enforcement of a writ of execution through Bankruptcy Court, which the court issued on January 17, 2025. Sometime in March 2025, Defendant Deputy Smith, acting on behalf of the U.S. Marshals and through the writ of execution, removed Plaintiff from ownership of the Property. Defendant Larsen is participating in a sale of the Property as a real estate agent. The Bankruptcy Court matter remains open.

On January 7, 2025, Plaintiff filed a related case in Kittitas County Superior Court in Washington State seeking a temporary restraining order to halt the eviction. The Superior Court initially granted the TRO. However, on January 29, 2025, it vacated its order and the TRO for lack of jurisdiction and because it violated the automatic stay issued under 11 U.S.C. § 362 in the federal bankruptcy matter.

Plaintiff now alleges the Bankruptcy Judge in the related matter violated his Article III duties under the U.S. Constitution and does not have jurisdiction to continue the Bankruptcy matter.[1] He also generally alleges several violations of both criminal and civil law, including 18 U.S.C. § 242 for Deprivation of Rights Under Color of Law; 42 U.S.C. §§ 1983 and 1985(3) for Civil Rights Violations; 18 U.S.C. §§ 1341 and 1343 for Mail and Wire Fraud; 18 U.S.C. § 1001 for False Statements in Federal Proceedings; 18 U.S.C. § 1512 for Obstruction of Justice and Evidence Tampering; 11 U.S.C. § 704 for Breach of Fiduciary Duty by Trustee; and 42 U.S.C. § 1994 for Abolition of Peonage.

Plaintiff filed this matter seeking a declaratory judgment that the enforcement action removing him from the Property violated his constitutional rights; an injunction preventing the sale of the property; compensatory damages; punitive damages; and any other available relief.

---

[1] The Court notes that Article I of the U.S. Constitution and Title 11 of the United States Code gives the authority to bankruptcy courts and judges.

**ORDER DISMISSING COMPLAINT ~ 3**

## II. PLAINTIFF'S COMPLAINT

### A. Claims for Violation of Due Process under the Fifth Amendment; Unlawful Seizure of Property Without Jurisdiction; Conspiracy to Commit Constitutional Violations; and Declaratory Judgment under 28 U.S.C. §§ 2201–2202

A district court has original and exclusive jurisdiction over bankruptcy cases and proceedings. *See* 28 U.S.C. § 1334. However, "nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." *See* 28 U.S.C. § 1334(c)(1).

A district court considers twelve factors when choosing to permissively abstain from a proceeding: (1) the effect on the efficient administration of the estate; (2) whether state law predominates; (3) the difficult or unsettled nature of the law; (4) whether there is a related proceeding in state court or other nonbankruptcy courts; (5) any other jurisdictional basis; (6) the degree of relatedness to the main bankruptcy case; (7) the substance of the core proceeding; (8) the feasibility of severing any state law claims to allow for federal bankruptcy enforcement; (9) the burden on the court's docket; (10) the likelihood that the proceeding involves forum shopping; (11) the right to a jury trial; and (12) the presence of any nondebtor parties in the proceedings. *See In re Tucson Estates, Inc.*, 912 F.2d 1162, 1166–67 (9th Cir. 1990).

Plaintiff filed this matter to stop the sale of the Property involved in his Bankruptcy Court case. The Bankruptcy matter is still active, with an ongoing appeal. Defendant's claims related to due process, jurisdiction, conspiracy, and

**ORDER DISMISSING COMPLAINT ~ 4**

declaratory judgment all stem from this unresolved matter.[2]

Once again, the Court finds Plaintiff is forum shopping. To efficiently administer Plaintiff's open Chapter 7 bankruptcy proceeding and in the interest of judicial economy, the Court declines to assert jurisdiction over this matter and as to these claims pursuant to 28 U.S.C. § 1334(c)(1).

**B.    Claims for Civil Rights Violations under 42 U.S.C. §§ 1983 and 1985(3)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), a court shall screen a complaint filed by a party, regardless of if they are a prisoner or not and regardless of whether a filing fee has been paid or not. *See Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001). Section 1915(e)(2)(B) provides that a court shall dismiss a case at any time—and before service of process—when:

> (B)    the action or appeal —
> (i)    is frivolous or malicious;
> (ii)   fails to state a claim on which relief may be granted; or
> (iii)  seeks monetary relief against a defendant who is immune from such relief.

A claim is legally frivolous when it lacks an arguable basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *superseded on other grounds by*

---

[2] Plaintiff also states on the cover page of his Complaint he is filing this case in part pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), though he does not list it as a cause of action. Regardless, following the Supreme Court's ruling in *Egbert v. Boule*, 596 U.S. 482 (2022), *Bivens* only applies in narrow cases involving violations of the federal Fourth, Fifth, and Eighth Amendments by federal officers. Plaintiff brings one claim for a violation of due process under the Fifth Amendment. However, his claim is also based on the underlying and still active Bankruptcy Court matter. Therefore, the Court also abstains from any potential claim asserted under *Bivens*.

**ORDER DISMISSING COMPLAINT ~ 5**

*statute*, 28 U.S.C. § 1915(e). The claim must have an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989), *superseded on other grounds by statute*, 28 U.S.C. § 1915(e). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

Further, "[d]ismissal is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Id.* The reviewing court must take all allegations of material fact as true and construe them in a light most favorable to the plaintiff. *Id.* Mere legal conclusions "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The complaint must contain more than "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

Plaintiff's allegations of civil rights violations pursuant to § 1983 and § 1985(3) cannot stand. The statute for § 1983 only applies to state government actors, as it states, "[e]very person who, under color of any statue, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia . . ." 42 U.S.C. § 1983. None of the named Defendants are state actors.

Plaintiff cannot prove any set of facts as to this claim that would entitle him to relief. *See Watison*, 668 F.3d at 1112. As such, the Court dismisses the claims under 42 U.S.C. §§ 1983 and 1985(3) and for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e).

### IV.  NO AMENDMENT

Unless it is absolutely clear that amendment would be futile, a *pro se* litigant must be given the opportunity to amend his complaint to correct any deficiencies.

**ORDER DISMISSING COMPLAINT ~ 6**

*See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded by statute on other grounds*, 28 U.S.C. § 1915(e)(2).

The Court finds amendment futile because the Bankruptcy Court matter remains open, with an appeal pending, and there are no set of facts that would allow a claim under 42 U.S.C. §§ 1983 and 1985(3) against non-state actors.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Emergency Temporary Restraining Order, Motion for Interim Relief and related Motion to Expedite, ECF No. 3, is **DISMISSED as moot.**

2. Plaintiff's Motion to Obtain Electronic Case Filing Authorization, ECF No. 4, is **DISMISSED as moot**.

3. The Court **DISMISSES** the Complaint, ECF No. 1, as follows:

    a. As to the claims for a Due Process Violation under the Fifth Amendment; Unlawful Seizure of Property Without Jurisdiction; Conspiracy to Commit Constitutional Violations; and Declaratory Judgment under 28 U.S.C. §§ 2201–2202, the Court **DISMISSES** pursuant to 28 U.S.C. § 1334(c)(1).

    b. As to the claims for Civil Rights Violations under 42 U.S.C. §§ 1983 and 1985(3), the Court **DISMISSES** for failure to state a claim upon which relief can be granted and for bringing a frivolous claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

4. The Court finds amendment futile in this matter and therefore **denies** further amendment.

5. Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith.

//
//

**ORDER DISMISSING COMPLAINT ~ 7**

6. This matter is **DISMISSED**.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order, provide copies to *pro se* Plaintiff and **close** the file.

**DATED** this 5th day of June 2025.



         Stan Bastian
      Chief United States District Judge

**ORDER DISMISSING COMPLAINT ~ 8**