FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 01, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KELSEY SCHIER, administrator of the Estate of Guenter Werner Schier,<br><br>    Plaintiff,<br><br>    v.<br><br>MATTHEW J. ANDERTON, in his official and private capacities; TRACY LARSEN, in her individual capacity; and DEPUTY SMITH, Supervisor, Deputy U.S. Marshal, Yakima Sub-Office, in his individual capacity,<br><br>    Defendants. | No. 1:25-CV-03070-SAB<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

    Before the Court are Plaintiff's Motion for Reconsideration and Request for Leave to Amend, ECF No. 9; and related Motion to Expedite, ECF No. 10. Plaintiff is *pro se*. The motions were considered without oral argument.

    Having considered the motions, Complaint, record, and caselaw, the Court denies the motions.

## MOTION STANDARD

    A court can consider a motion for reconsideration under either Fed. R. Civ. P. 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from

**ORDER DENYING MOTION FOR RECONSIDERATION ~ 1**

Case 1:25-cv-03070-SAB    ECF No. 11    filed 07/01/25    PageID.145    Page 2 of 4

judgment). *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. AcandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). District courts look at whether (1) there is "newly discovered evidence"; (2) if it "committed clear error or the initial decision was manifestly unjust"; or (3) if "there is an intervening change in controlling law." *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (citation omitted).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). In the end, the decision is at the discretion of the district court. *See Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

## PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff requests the Court reconsider its previous Order dismissing the Complaint by declining to assert jurisdiction pursuant to 28 U.S.C. § 1334(c)(1); and for failure to state a claim upon which relief can be granted and for bringing a frivolous claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). ECF No. 8. He argues the Court improperly dismissed this matter *sua sponte* under § 1915(e) because he paid his filing fee and was therefore not proceeding *in forma pauperis*.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), a court shall screen a complaint filed by a party proceeding *pro se*, regardless of if they are a prisoner or not. *See Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001). Further, § 1915(e)(2)(B) provides that a court shall dismiss a case at any time—and before service of process—when:

> (2) **Notwithstanding any filing fee, or any portion thereof, that may have been paid,** the court shall dismiss the case at any time if the court determines that—
>
>     (B)    the action or appeal —
>         (i)    is frivolous or malicious;
>         (ii)    fails to state a claim on which relief may be

**ORDER DENYING MOTION FOR RECONSIDERATION ~ 2**

            granted; or
   (iii) seeks monetary relief against a defendant
      who is immune from such relief.

(emphasis added). *See also Belanus v. Clark*, 796 F.3d 1021, 1029 n.4 (9th Cir. 2015) (analyzing the comparison of § 1915(e) to § 1915(g) and stating, "But the redefinition of the rights and obligations of individuals granted leave to proceed IFP is not inconsistent with reading the plain language in § 1915(g) as covering both paid and IFP actions.")

  Courts also have an inherent power to control their dockets. *See U.S. v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008). A district court can dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. *See Wong v. Bell*, 642 F.2d 359, 361–62 (9th Cir. 1981). Though it is encouraged to provide a plaintiff notice of such an intention, a court can dismiss "without notice where the claimant cannot possibly win relief." *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987).

  First, the Court does not disturb its Order declining jurisdiction over Plaintiff's claims for violations of Due Process under the Fifth Amendment; Unlawful Seizure of Property Without Jurisdiction; Conspiracy to Commit Constitutional Violations; and Declaratory Judgment under 28 U.S.C. §§ 2201–2202. These claims remain dismissed on jurisdictional grounds pursuant to 28 U.S.C. § 1334(c)(1).

  Second, the Court finds no grounds for reconsideration here. *See Smith*, 727 F.3d at 955. As noted in the previous Order, Plaintiff has failed to state a claim upon which relief can be granted for the civil rights claims under 42 U.S.C. §§ 1983 and 1985(3) because none of the Defendants are state actors. The Court properly dismissed these claims pursuant to both § 1915(e) and Rule 12(b)(6), using its inherent authority to control its docket, *see Wong*, 642 F.2d at 361–62.

  As such, the Court denies Plaintiff's Motion for Reconsideration.

//

**ORDER DENYING MOTION FOR RECONSIDERATION ~ 3**

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Reconsideration and Request for Leave to Amend, ECF No. 9; and related Motion to Expedite, ECF No. 10, are **DENIED.**

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order, provide copies to *pro se* Plaintiff, and keep the file **closed**.

**DATED** this 1st day of July 2025.



Stan Bastian
Chief United States District Judge

**ORDER DENYING MOTION FOR RECONSIDERATION** ~ 4